|  | IN THE CIRCUIT COURT IN AND FOR THE 19TH JUDICIAL CIRCUIT OF ST LUCIE COUNTY, FLORIDA |
|---|---|
| FELICIA DAVIS, | CIVIL DIVISION |
| Plaintiff, | CASE NO.: 562021CA001234AXXXHC |
| vs. | Judge Laurie E Buchanan |
| TORONTO-DOMINION BANK. | |
| Defendant. | |

## COMPLAINT

Plaintiff, FELICIA DAVIS, ("MS. DAVIS"), by and through her undersigned attorney, sues Defendant, TORONTO-DOMINION BANK ("TD BANK" or TD BANK, N.A.), for legal redress for violations of Title VII of the Civil Rights Act of 1964, and alleges as follows:

## THE PARTIES

1. Ms. Davis *sui juris* and a resident of the State of Florida.

2. Ms. Davis is an African-American U.S. citizen.

3. Ms. Davis is a former employee of TD Bank and a native and resident of the State of Florida at all times while employed with TD Bank.

4. On information and belief, Defendant, TD Bank Group is headquartered in Toronto, Canada with its United States headquarters in Portland, Maine. TD Bank has approximately 90,000 employees in offices around the world, the Toronto-Dominion Bank and its subsidiaries are collectively known as TD Bank Group ("TD BANK" or "TD BANK, N.A"). TD Bank offers financial products and services to over 26 million customers worldwide and is registered to do

1

business in the State of Florida. TD Bank is located in, and does business in St. Lucie County, FL. TD Bank has a registered Agent for Service of Process located within the State of Florida.

## JURISDICTION AND VENUE

5. Plaintiff has suffered and will continue to suffer damages greater than $15,000, exclusive of interest, costs and attorney's fees.

6. Venue is proper in this Court in that the acts which are the subject of this action occurred in St. Lucie County, Florida.

## ADMINISTRATIVE COMPLIANCE

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on October 1, 2019.

8. Based on Plaintiff's Charge of Discrimination for race discrimination and the EEOC's subsequent investigation of said Charge of Discrimination, on March 31, 2021, the EEOC determined that Plaintiff had the right, pursuant to Title VII, to file a civil action in a court of competent jurisdiction. *See* letter from the EEOC, dated March 31, 2021, attached hereto as ("Exhibit "A").

9. Plaintiff timely met all EEOC administrative pre-suit requirements.

10. Based on ¶¶1 through 9, Plaintiff complied with all conditions precedent and/or administrative requirements prior to filing this action or same have been waived or otherwise complied with by Plaintiff.

## GENERAL ALLEGATIONS

11. In 2010 Ms. Davis commenced employment with TD Bank.

12. On March 1, 2019, TD Bank illegally terminated Ms. Davis' employment as an assistant head teller based on her race as an African American.

13. During Ms. Davis' employment with TD Bank, the bank began to treat her differently than her white counterparts. Her actions were scrutinized more than others making similar infractions. TD Bank records will reflect more verbal reprimands and counseling than probation or termination for white counterparts.

14. .Prior to her wrongful termination from TD Bank, Ms. Davis received positive and outstanding performance reviews from her superiors and customers. It was the exemplary performance reviews that aligned Ms. Davis for her promotion. Ms. Davis received excellent customer reviews for her exemplary customer service.

15. Ms. Davis has a long history of working for financial institutions and has never been terminated from employment.

16. TD Bank did not offer any corrective protocols prior to firing Ms. Davis. There was no research into the discrepancy. On the date in question teller difference was discovered in both the till and the vault. The required documentation was never offered nor signed by any party.

17. TD Bank alleges that its action arose from certain conduct by Ms.

3

Davis as to the teller differences – that is substantial differences in the cash balance at her teller station and the vault. Coaching was to have occurred then not a month later as was evidenced by the late three emails from the assistant store manager and head teller.

18. The truth is that a transaction occurred on February 19, 2019, that involved persons other than Ms. Davis, yet she was the only African-American facing the allegation being brought by her then superiors and terminated because of it.

19. In this transaction, Ms. Davis' supervisor conducted a financial transaction on Ms. Davis's computer under Ms. Davis' assigned code.

20. This was a prohibited SR transaction by Melanie Enright.

21. Melanie Enright, who is white, was not terminated at that time, but was later allowed to resign instead of termination for conduct that TD Bank alleges was similar.

22. Many other transactions were coupled by assists from other management, Danielle Jewel, under Ms. Davis' key which is acompany infraction.

23. TD Bank used this false pretense as the basis for firing Ms. Davis. No established protocol was followed or effective research by any management other than Enright and Jewel.

24. To further show her level of responsibility, Ms. Davis was the vault custodian in January 2019 at the time of the two supposed infractions.

      In fact, those infractions were grounds for immediate termination, but this did not happen because neither supervisor followed procedure tpick up the vault and audit the Ms. Davis' till and the vault under dual control.

25. Ms. Davis was coached but not written up because the RM at the time determined this was the proper remedy. She was coached from January 8 – February 8, 2019.

26. In February 2019 Ms. Davis received three different emails fromJewell and Enright as a supposed reprimand after the fact for the January infractions. The emails dated February 8, 19 and 22, 2020, only referenced the error in January but showed inconsistency even in the date of the infraction.

27. Further, TD Bank created a hostile work environment. The need for employment outweighed Ms. Davis' mistreatment, so much so until she logged daily accusations and suppositions toward her.

28. Ms. Davis endured racist language against her character and capability. She logged and printed copies of outages daily and even being questioned once by the RM with sarcasm asking was it an outage or was it her eyes.

29. Ms. Davis had contacted the ethics line on Jewell and her behavior and demeanor toward Ms. Davis worsened as she took weekends out of rotation and forced Ms. Davis to work weekends.

30. Ms. Davis was trained by TD Bank to be qualified to perform all duties assigned to her within a given position. As she was promoted

5

Ms. Davis underwent extensive training to ensure her capability prior o successfully complete the daily activity of the assigned position.

31. Ms. Davis was subjected to an adverse employment action; and that she was suddenly treated differently and less favorably to cover the actions of her supervisors.

32. TD Bank mistreated Ms. Davis based on her race for an extensive period such that the conduct became intimidating and abusive.
Danielle Jewel became more aggressive toward Ms. Davis, especially after being reported on the ethics hotline. Thus, creating a hostile work environment.

33. The outcome was her unwarranted and baseless firing considering how non-African American employees were treated. Superiors created documents after the fact but never received a reprimand themselves for their part in the infraction in question.

34. Ms. Davis was solely dismissed solely based on her race.

35. TD Bank could have mitigated much of the wrongs committed against Ms. Davis through mutual reprimand for all parties, employee training, counseling, and discipline.

36. TD Bank neglected to do so.

## COUNT I

## WRONGFUL TERMINATION OF EMPLOYMENT ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT

37. Plaintiff realleges and reavers ¶¶ 1-36 as if fully set forth herein.

6

38. Plaintiff is a member of a protected group under Title VII; *i.e.* she is an African-American.

39. Plaintiff began working for the Defendant in 2010. At the time the wrongful termination occurred, Plaintiff was supervised by Melanie Enright and other TD Bank personnel.

40. The conduct alleged as the basis for termination of Ms. Davis was the exact same conduct engaged in by her supervisors and other employees who were not terminated. These other employees and supervisors were all white employees. White employees were treated differently than Ms. Davis.

41. The aforementioned actions all occurred under circumstances which give rise to an inference of discrimination.

42. As a result of her unlawful termination, Ms. Davis suffered damages.

43. Plaintiff, by being subjected to the hostile atmosphere created by TD Bank was affected in a "term, condition or privilege" of employment as contemplated by Title VII, and was discriminated against in that;

a. her physical and psychological well-being was affected; and

b. the work place became hostile.

c. Ms. Davis was terminated as an employee on the basis of race in violation of Title VII.

44. The discrimination to which Plaintiff was subjected was based upon her race as TD Bank did not terminate other white employees for the pretextual reasons that were alleged against Ms. Davis.

45. The conduct of the Defendant, including but not limited to that conduct by and through Ms. Davis' supervisors and agents, deprived Plaintiff of her statutory rights under Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against the Defendant awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII as follows:

a. That the Court issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under the United States Constitution and the Title VII.

b. Grant the Plaintiff a permanent injunction enjoining the Defendant and all those acting in concert with it and at its discretion from engaging in any employment policy or practice violative of Title VII.

c. Order the Defendant to make the Plaintiff whole, as she was adversely affected by the policies and practices described herein by providing back pay and reimbursement for lost wages, Social Security, loss of equity and employment benefits, experience, training opportunities and other benefits in an amount to be shown at trial, and other affirmative relief.

d. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

e. Award Plaintiff judgment for compensatory damages against the Defendant in an amount as yet to be quantified and within the jurisdictional limits of this Court.

f. Award Plaintiff pre and post-judgment interest as allowed by law.

g. Award Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to and such other relief as this Court may deem just and proper.

PLAINTIFF further demands trial by jury of all rights so triable and any other relief this court deems just and proper.

Dated this 29th day of June, 2021.

Submitted By,
DEREK LEWIS, P.A.
P.O. BOX 1152
FORT PIERCE, FL34954
EMAIL DVLESQ@GMAIL.COM
PHONE: 9546966195

"s/" Derek Lewis
Derek V. Lewis/0187755

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically delivered through the Court's E File Portal to the Clerk of Court this 29 day of June 2021 to: All parties registered to receive Electronic Service and by certified direct service of original process to Defendant's Registered Agent for Service of Process.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Felicia Davis<br>1703 N 27 Street<br>Fort Pierce, FL 34947 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2020-00011 | Frank C. Hernandez,<br>Investigator | (786) 648-5824 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Marissa Cosculluela  Digitally signed by Marissa Cosculluela
Date: 2021.03.31 12:01:56 -04'00'

03/31/2021

Enclosures(s)

For: Paul V. Valenti,
District Director

*(Date Issued)*

cc: **TD Bank**
David Gollin, Esq.
General Counsel
3000 Atrium Way 4th Floor
Mount Laurel, NJ 08054



Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>FELICIA DAVIS</u>
Plaintiff

Case # <u>562021CA001234AXXXHC</u>
Judge <u>Judge Laurie E Buchanan</u>

vs.
<u>TD BANK, N.A.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE
(If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☒ No ☐

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ derek lewis                    Fla. Bar # 187755
         Attorney or party                       (Bar # if attorney)

derek lewis                    06/30/2021
(type or print name)              Date

- 3 -